December 20, 2015

FILED
DEC 29 2015
SEVENTH COURT
VIV...

TO: Vivian Long - Clerk
PO Box 9540
Amarillo TX 79105-9540

Re: REIDIE JAMES JACKSON v. OLIVER BELL et al.
Appeal No. 07-13-00444-CV   Trial no. 101697-E

Dear Clerk,

Please find enclosed Appellant's Motion for ReHearing.
Please file and bring to the attention of Court.

Respectfully submitted,
/s/ Reidie James Jackson - Reidie
James Jackson #1164177 - Clements
9601 Spur 591 - Amarillo TX 79107

IN THE
COURT of APPEALS
Seventh District of Texas At Amarillo

FILED
DEC 29 2015
SEVENTH COURT

No. 07-13-00444-CV

REIDIE JAMES JACKSON, APPELLANT

V.

OLIVER BELL, ET AL., APPELLES

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 101697-E, Honorable Douglas Woodburn, Presiding

Plaintiff's Motion For Rehearing

Reidie James Jackson, Prose
#1164177
Clements Unit
9601 Spur 591
Amarillo, Tx. 79107-9606

IN THE

COURT of APPEALS
Seventh District of Texas Amarillo

DEC 29 2015

No. 07-13-00444-CV

REIDIE JAMES JACKSON, APPELLANT,

V.

OLIVER BELL, ET AL., APPELLEES.

On Appeal from the 108th District Court

Potter County, Texas
Trial Court No. 101697-E, Honorable Douglas Woodburn

Appellant's Motion for Rehearing

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellant Reidie James Jackson brought this 42 USC §§ 1983, 1985(3), and 1986, appearing pro se and in forma pauperis, against Oliver Bell, as chairman of Texas Board of Criminal Justice, and Rick Thaler as the director of Texas Department of Criminal Justice - Correctional Institutions Divisions (the Division). The trial court found Appellant to be a vexatious litigant under Chapter 11 Texas Civ. Prac & Rem Code §§ 11.001-.004 and dismissed his lawsuit under Chapter 14 of the Texas Civil Prac & Rem. Code §§ 14.001-.014. Court of Appeals, Seventh District, affirmed both findings. Appellant now moves for rehearing.

## BACKGROUND

Appellant filed his suit in Travis County on March 14, 2013. He sought declaratory and injunctive relief, and requested certification of all inmates in the Division's custody.

Appellant's Original and Amended Petitions made multiple allegations against Appellees, but the crux petitions were that Appellant had rights and protections which directly involved Texas Penal Code 1.08, but were subsequently violated by Appellees. Section 1.08 states: "No governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this code an offense subject to a criminal penalty. This section shall apply only as long as the law governing the conduct proscribed by this code is legally enforceable."

A concise rendition of Appellant's Original and Amended Petitions would be: violation of due process because the disciplinary procedure violates state constitution rendering it void; separation of powers because created powers already preempted; violation of equal protection because every agency in Texas is controlled by T.P.C. 108 and receive it's protection; creating a statewide culture of excessive force violating 8th Amendment.

Appellant was not permitted discovery and no hearing was held.

Appellant on page 2 of his Amended Complaint stated a c: "The Defendants, and both of them, did deprive the Plaintiff of his liberties and lawful properties protected by the Fourteenth Amendment and Articles §§1:17 & 19."

At (D): "The intentional acts or omissions of Defendants caused the Plaintiff to be restrained in a manner which imposed an "atypical and significant hardship in relation to ordinary incidents of prison life."

"The Defendants convened an administrative or policy making hearing

or meeting on or about April 2010 or an undisclosed date which which was held to enact or enforce laws that **subject** each and every offender in the Texas Department of Criminal Justice (TDCJ) to criminal penalty for performance of conduct covered by the Texas Penal Code."

On page 3 of Appellants Amended Complaint "**Defendants** acted with unlawful manner for unlawful purpose or acted/failed to act to accomplish a lawful purpose by unlawful means ... and result of ...creating statewide culture of excessive force and retaliation...". see (EXHIBIT A in support hereof)

At page 4 of Appellants Amended Complaint At (H) : "This U.OFP. is intimately linked to the disciplinary hearing procedure. The Defendants have instructed that their subordinates write disciplinary cases against Plaintiff class and utilize U.OFP. to physically harm Plaintiffs. Plaintiff's alleged that Defendants have, through the abuse of state-created procedure UOFP, enacted and enforced a culture of sadistic and malicious violence..."

At page 4 at (I) Appellant states : "The Plaintiffs have rights secured under the Separation of Powers doctrine. This doctrine forbids T.D.C.J. officials from acting in a judicial capacity. such as the one the Defendants unconstitutionally promulgated when the Defendants directed TDCJ officials to enforce laws and procedure which **subjected** Plaintiffs to criminal penalty. See Jones, 58 SW3d 148 :"Agency rules which violate state law are void."

3

## PRO SE

Appellant is a pro se litigator. At the time and filing of his Original Petition and Amended Petition, even more so the novice. Appellant requests liberal construing of his poorly drawn pleadings; this Court even stated "Jackson's petition is difficult to follow." page 3 at (8). see Amin v. Universal Life Ins. Co, 706 F2d 638, 640 n.1 (5th Cir 1983)

## JURISDICTION

Appellant files his MOTION FOR REHEARING pursuant Rule 49.1 of Texas Rules of Appellate Procedure.

## POINTS FOR REHEARING

1.) The Court of Appeals (C.O.A.) reviewed this suit de novo. The liberal construing, anew, of the petition show that Appellant plead that he was subjected to criminal penalties such as taking of money, properties, and community service.

2.) Appellant alleged that in April of 2010, or at an undisclosed date, a hearing or meeting was held by Defendants wherein a separation of powers was caused by Defendants enacting and enforcing of laws for T.D.C.J. that violated Texas Penal Code §1.08, thereby violating Appellants equal protection of Texas Penal Code (T.P.C.) 1.08. This was part of the Appellant's Complaint, but not discussed in C.O.A. Opinion.

4

3.) The C.O.A. supported its finding that Appellant was not subjected to "criminal penalties" by the "many cases addressing the question whether double jeopardy bars a criminal prosecution for conduct addressed through a prison inmate disciplinary system." Appellant's complaint is not one of double jeopardy; rather, Appellant's position has to do with jurisdiction, so his attack is not on the consequence of the decision, but that the hearing that created the policy had no authority to create a policy which allows disciplinary hearing officers to "subject" anybody to criminal penalties based on conduct outlined in the T.P.C.

## STATEMENT OF FACTS
## POINT #1

1.) Appellant filed an Original Petition and an Amended Petition which incorporated by reference one into the other. With these petitions were, in relevant part: affidavit from Adrian T. Wilson #1207116; Motion for Reinstatement; Memorandum and Brief in Response to Defendants Motion to Dismiss and Declare Plaintiff Vexatious Litigant.

2.) Adrian T. Wilson's (Wilson) affidavit states he is extremely familiar with disciplinary policy and has been subjected to it continuously without cause. He describes being subjected to "criminal penalties" and goes on to describe the availability of the defaming information online to the public ~ ie. "criminal history". His statements made under penalty of perjury.

3.) Appellant's Motion for Reinstatement / Reconsideration of Suit was filed and states in relevant part at (B) page 2 : "... Plaintiff has been convicted multiple times wrongfully; this is the crux of the claim about TDCJ holding the meaningless hearing and administering criminal penalties such.

5

as monatary fines, property restriction or loss, work duty or any other penalties which a judge may administer to a criminal."

Furthermore on page 1 at (I. NO DISCOVERY) Appellant declares there has been no discovery and that it has severely prejudiced the prosecution of his suit; discovery would allow material evidence to be produced.

4.) Appellant's 'Memorandum and Brief in Response to Defendants Motion to Dismiss and Declare Plaintiff Vexatious Litigant 'At page 2 (D) : "..disciplinary cases sent in as exhibits are only a few of the continuing violations..." ; "Upon further discovery Plaintiff can show ..."

5.) The American Century Dictionary defines "subject" as being put under the power or jurisdiction of.

6.) Said dictionary defines punish as : "inflict retribution on (an offender) or for (an offense).

7.) Texas Penal Code 1.08 (T.P.C.) states : "No governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this code subject to a criminal penalty."

8.) Appellant has included in this Motion for Re Hearing a true and correct copy of a disciplinary report which is , in form only , similar to the previous EXHIBITS A & B . At the catagory, near the bottom, entitled "PUNISHMENT" are the punishments Appellant is subject to at a disciplinary hearing. The punishments he is subject to are, in relevant part : "DAMAGES/ FORFEIT $ ' , which , if hearing officer chooses can take money ; EXTRA DUTY HOURS , sentencing to extra community service; and Property (days) , also subjecting restraint/loss of personal property.

6

9.) Plaintiff has not complained of the punishments he received, but rather the act of being subjected to punishments. (See Court's Opinion at Page 3 "... and property interest, and to be subjected to punishments without due process..." and "... there are many cases in which [he] was accused of conduct outlined in Texas Penal Code and subjected to criminal penalties..."

Though the Court states what punishment Appellant received, it never states what Appellant was subjected to, vis à vis, what could the hearing officer have done. The catagory "PUNISHMENTS" near the bottom of the disciplinary form lists multiple punishments that Appellant was subject to as a result of being an unwilling participant of the hearing policy and procedure.

10.) At the hearings demonstrated in the EXHIBITS examined by this Court in its de novo review the 'PUNISHMENT' catagory is identical to the EXHIBIT hereto attached. It shows (3) separate slots of interest: DAMAGES/FORFEIT $ ; EXTRA DUTY (HOURS); PROPERTY (DAYS). A taking of money, community service, and taking of property, respectively. These are punishments a judge metes out following a lawful court proceeding for conduct outlined in T.P.C.

11.) Every agency in Texas is protected from an agency conducting a hearing on conduct outlined in T.P.C. and being subject to any criminal penalty. The argument here is not if inmates should

7

or could be disciplined ; an independent agency must do the job to prevent the outcome of the prejudice that permeates the present system. One officer will not make a fair hearing for an inmate against another officer. What occurs now is a proliferation of confusion and hatred as those inmates whom eventually go home, having endured the current enormously prejudiced system, will have less and less faith in the system; eventual degradation until chaos prevails.

12.) Appellant and Appellant Class : have a right to be protected from the degradation described above. The 14th Amendment states that those "similarly situated" should receive equal treatment and protection of the law : Similarly situated in the present context means being a Texan who wants to be protected from an agency enacting or enforcing a law which makes conduct covered by Penal Code subject to criminal penalty.

13.) Conclusively , Appellant would contend that, although poorly written and "difficult to follow", with the clarity displayed as to the subjection and actual punishment ; a rehearing would serve the legislative intent: not to have a bias adjudicator making judicial decisions and meting out criminal penalties.

## STATEMENT OF FACTS
### POINT 2

1.) On page 7 of Appellants Amended Complaint at (E) Appellant described a hearing that Defendants held which violated separation

8

of powers doctrine, by creating a policy and procedure, namely disciplinary procedure, that contravened T.P.C.; violated Appellants rights under due course of law and due process and equal protection clauses as Appellant stated: "At said date, or undisclosed date,... Defendants abused their authority by implementing a state agency procedure to cause Plaintiff deprivation of liberty interest, and property interest, and to be subjected to punishments without due process..."

"Plaintiff has enclosed (2) exhibits which are disciplinary cases which have been unlawfully forced upon Plaintiff.... Each have a brief statement on the exhibit page."

2.) On EXHIBIT B the cover-page states: "This is a TDCJ disciplinary case #2012 0151413 which is an assault on officer case as outlined in the Penal Code 22.01. This is one of many cases in which Plaintiff was accused of conduct outlined in Texas Penal Code and subjected to criminal penalties. The penalties of being confined to the cell for determined amount of time; having monies restrained; having an increased permanent criminal record."

3.) C.O.A. did not address the above-mentioned issues.

## ARGUMENT

1.) "The guarantees found in the Bill of Rights are excepted from the general powers of government; the State has no power to commit acts contrary to the guarantees found in the Bill of Rights." Tex. Constit. Art 1, §29: Any provision of the Bill of Rights is self-executing to the extent that anything done in violation of it is void." Hemphill v. Watson, 60 Tex 679, 681 (1884).

9

5.) Appellant attacked the disciplinary policy in two areas, ① At its inception in April 2010 hearing or undisclosed date and , ② at its execution, namely disciplinary hearing ultra viresly authorizing agency to subject inmates to criminal penalties on the basis of criminal conduct.

6.) C.O.A. did not address accusations at April 2010 hearing or undisclosed date at which Appellant alleges a violation of his state and federal constitution rights were violated. If this C.O.A accepts the explaination about Appellant being subjected to punishment being different that would show Defendants violated his rights under Texas Constitution . If the above holds, then any subsequent action done beneath the authority of disciplinary policy/procedure is void.

7.) Appellant would respectfully move this Court to Re Hearing based on the facts and issues in POINT 2.

## STATEMENT OF FACTS
### POINT 3

1.) Court supported its finding that appellant was not "subjected" to criminal penalties with the reasoning of the many cases addressing the question whether double jeopardy bars a criminal prosecution for conduct addressed through a prison disciplinary system .

2.) Appellant has not acquiesced any authority to any director, chairman, or administrator to violate my rights as to the protections of the Penal Code 1.08.

3.) Appellant's complaint does not address the results after the hearing of the agency officer , but, rather the hearing at which

10

the Defendants convened a hearing, and, thereby enacting and enforcing the disciplinary Procedure that illegally permits the disciplinary hearing officer to enforce a law, namely Tex Gov't Code Ann. §494.002 (a) (WEST 2012) which empowers the TDCJ Disciplinary Procedure to create the hearing, that makes conduct covered by Penal Code an offense subject to criminal Penalty.

## ARGUMENT
### POINT 3

4.) By C.O.A. supporting its finding through the double jeopardy cases and theory, it separates important facts. First, in order for someone to complain of having had their life or liberty placed in jeopardy twice for an offense, the individual concedes both tribunals have jurisdiction to hear the subject matter, make decisions fairly, and mete out punishments.

Appellant has been in a different posture, other than double jeopardy. Appellant has attacked the Defendants at the start of any authorization that they portend to delegate to a disciplinary hearing officer allowing an ultra vires override of the protections discussed above in T.P.C. 1.08.

5.) Appellant asserts the Defendants had not the legislative power to create policy contravening T.P.C. 1.08, and, by doing so caused a separation of powers, all subsequent policies flowing therefrom are void. Hemphill v. Watson, 60 Tex 679, 681 (1884).

6.) Appellant received not notice, proposal, or right of convened hearing which made the ultra vires decision, and, he would have argued against it vehemently and appealed any adverse decision.

11

## CONCLUSION & PRAYER

Appellant has attempted to, in his first point, clarify those issues which were hard to follow in his pleadings in the trial stage: subject to punishment ; And punishment in fact . The former being the hot topic for the Appellant.

Appellant alleged hearing held in April 2010 by Defendants violated his constitutional rights and is void. Appellant contends subsequent subordinate authorities are void , too.

The conclusive opinion of the C.O.A. supported by double jeopardy cases is not applicable to the present case as Plaintiff argues the jurisdiction to convey authority to the hearing officer and the subsequent authorization of a TDCJ agent to mete out criminal penalties based on conduct outlined in Penal Code , contraverting the 1.08 preemption.

WHEREFORE , Premises Considered , Appellant asks this Court rehear this Appeal and reverse and remand case.

date 12-20-15

Respectfully submitted ,
/s/ Reidie James Jackson Reidie
James Jackson #1164177 - Clements -
9601 Spur 591 - Amarillo , Tx 79107-9606

12

EXHIBIT - A

TDCJ DICIPLINARY REPORTS AND HEARING RECORD

CASE: 20100209323 TDCJNO: 01164177 NAME: JACKSON,REID EA:
UNIT: ST HSNG: 12FD2 55 02 01 JOB: SEC DET LEVEL III IQ: 12
CLASS: L3 CUST: 3A PRIMARY LANGUAGE: ENGLISH RESTRICTIONS: MHMR
GRADE: MA / KG OFF.DATE: 03/30/10 08:58 PM LOCATION: ST 12 BUILDING
TYPE: ID

OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 12EF 84-CELL, OFFENDER: JACKSON,
REIDIE, TDCJ-ID-NO. 01164177, DID POSSESS AN ALTERED RADIO CONVERTED WITH A CE
PHONE BATTERY CHARGER ATTACHED TO THE BACK OF THE RADIO TO CHARGE A CELL PHONE
A FELONY AS DEFINED BY THE LAWS OF THE STATE OF TEXAS AND IN VIOLATION OF TEXA
PENAL CODE 38.11, POSSESSION OF A PROHIBITED ITEM IN A PENAL INSTITUTION. ALSO
OFFENDER JACKSON DID POSSESS A WEAPON INTENDED TO BE USED TO INJURE ANOTHER
PERSON, NAMELY, THE END PIECE OF A CRUTCH WITH A METAL SCREW PROTRUDING FROM T
SIDE.
CHARGING OFFICER: HALE, R. SGT. SHIFT/CARD: 2.2

OFFENDER NOTIFICATION / IF APPLICABLE INTERPRETE
TIME & DATE NOTIFIED: 7:00A 4/1/10 BY:(PRINT) _____
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THI
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES NO IF NO, HOW DO YOU
PLEAD? GUILTY NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: I Request not to Sign DATE: ___
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____ DATE: ___

HEARING INFORMATION
HEARING DATE: 4-19-10 TIME: 1130 TAPE# ST-118 SIDE# D START# 240 END# 22
COUNSEL SUBSTITUTE AT HEARING: W TAPE# _____ SIDE# ___ START# ___ END# ___
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THA
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDIN
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) (7) Investigation

OFFENSE CODES: 10.0
OFFENDER PLEA: (G, NG, NONE) None ████████
FINDINGS: (G, NG, DS) 6 ████████
REDUCED TO MINOR(PRIOR TO DOCKET)__ (DOCKET)__ (HEARING)__ BY:(INITIAL)__
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT B)OFFICER/S REPORT C)WITNESS TESTIMONY D)OTHER,
EXPLAIN IN DETAIL: C.O. officers report D)no non frivolous evidence presen

PUNISHMENT
LOSS OF PRIV(DAYS) 30 REPRIMAND........ SOLITARY(DAYS)......
*RECREATION(DAYS) 45 EXTRA DUTY(HOURS)...... REMAIN LINE 3........
*COMMISSARY(DAYS) 45 CONT.VISIT SUSP THRU _/_/_ REDUC.CLASS FROM ___ TO ___
*PROPERTY(DAYS)... CELL RESTR(DAYS)...... GOOD TIME LOST(DAYS).___
*___ (DAYS)___ SPECIAL CELL RESTR(DAYS)___ DAMAGES/FORFEIT $_____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____
Offender actions N/A threat to the security of the institution

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)___ NO / NA 4.16
DATE PLACED IN PRE-HEARING DETENTION: _____ HEARING LENGTH 4.16 (MINUTES
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: Offender in restraints

HEARING OFFICER (PRINT) WARDEN STATE CLASS.COMMITTEE MEMBE
JACKSON 038
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.

1164177

Kiidi James Jackson
Clements
9601 Spur 591
Amarillo, Tx. 79107

Vivian Long - Clerk
Court of Appeals
Seventh District of Texas
P.O. Box 9540
Amarillo, Tx. 79105-9540

FOREVER USA
FOREVER USA
ADDITIONAL OUNCE USA
ADDITIONAL OUNCE USA